## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN WILLNER | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 3:17-cv-1924 |
| LUZERNE COUNTY, C.O. WUJACK, | : | |
| C.O. DELANEY, LIEUTENANT | : | |
| DOMAGAUER, CAPTAIN KEVIN J. | : | **JURY TRIAL DEMANDED** |
| GALLAGHER, WARDEN J. ALLEN | : | |
| NESBITT, UNKNOWN INDIVIDUAL(S) | : | |
| IN THE LUZERNE COUNTY | : | |
| CORRECTIONAL FACILITY, WILKES- | : | |
| BARRE HOSPITAL COMPANY, LLC | : | |
| d/b/a WILKES-BARRE GENERAL | : | |
| HOSPITAL,  JEANNINE SAUNDERS, | : | |
| DAVID GRASSO, UNKNOWN | : | |
| INDIVIDUAL(S) WORKING FOR, | : | |
| WITH, OR IN WILKES-BARRE | : | |
| HOSPITAL COMPANY, LLC d/b/a | : | |
| WILKES-BARRE GENERAL | : | |
| HOSPITAL, and APOLLOMD d/b/a | : | |
| APOLLOMD BUSINESS SERVICES, | : | |
| LLC d/b/a APOLLOMD GROUP | : | |
| SERVICES, LLC d/b/a APOLLOMD | : | |
| HOLDINGS, LLC d/b/a APOLLOMD | : | |
| PHYSICIAN PARTNERS, INC. d/b/a | : | |
| APOLLOMD PHYSICIAN SERVICES | : | |
| AL, LLC d/b/a APOLLOMD PHYSICIAN | : | |
| SERVICES GA, LLC d/b/a APOLLOMD | : | |
| PHYSICIAN SERVICES NC, LLC d/b/a | : | |
| APOLLOMD STATESBORO, LLC d/b/a | : | |
| APOLLOMD, INC. | : | |
| | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this          day of January, 2018, upon consideration of the Motion

to Dismiss filed by Defendant, Wilkes-Barre Hospital Company, LLC d/b/a Wilkes-Barre

General Hospital, it is hereby **ORDERED** and **DECREED** that said Motion is **GRANTED**.

**IT IS FURTHER ORDERED** and **DECREED** that Plaintiff's First Amended Complaint against Defendant, Wilkes-Barre Hospital Company, LLC d/b/a Wilkes-Barre General Hospital, is dismissed in its entirety, *with prejudice*, due to lack of subject matter jurisdiction.

**BY THE COURT:**

_____
                                J.

**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRIAN WILLNER | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 3:17-cv-1924 |
| LUZERNE COUNTY, C.O. WUJACK, | : | |
| C.O. DELANEY, LIEUTENANT | : | |
| DOMAGAUER, CAPTAIN KEVIN J. | : | **JURY TRIAL DEMANDED** |
| GALLAGHER, WARDEN J. ALLEN | : | |
| NESBITT, UNKNOWN INDIVIDUAL(S) | : | |
| IN THE LUZERNE COUNTY | : | |
| CORRECTIONAL FACILITY, WILKES- | : | |
| BARRE HOSPITAL COMPANY, LLC | : | |
| d/b/a WILKES-BARRE GENERAL | : | |
| HOSPITAL,  JEANNINE SAUNDERS, | : | |
| DAVID GRASSO, UNKNOWN | : | |
| INDIVIDUAL(S) WORKING FOR, | : | |
| WITH, OR IN WILKES-BARRE | : | |
| HOSPITAL COMPANY, LLC d/b/a | : | |
| WILKES-BARRE GENERAL | : | |
| HOSPITAL, and APOLLOMD d/b/a | : | |
| APOLLOMD BUSINESS SERVICES, | : | |
| LLC d/b/a APOLLOMD GROUP | : | |
| SERVICES, LLC d/b/a APOLLOMD | : | |
| HOLDINGS, LLC d/b/a APOLLOMD | : | |
| PHYSICIAN PARTNERS, INC. d/b/a | : | |
| APOLLOMD PHYSICIAN SERVICES | : | |
| AL, LLC d/b/a APOLLOMD PHYSICIAN | : | |
| SERVICES GA, LLC d/b/a APOLLOMD | : | |
| PHYSICIAN SERVICES NC, LLC d/b/a | : | |
| APOLLOMD STATESBORO, LLC d/b/a | : | |
| APOLLOMD, INC. | : | |
| | : | |
| Defendants. | : | |

## ALTERNATIVE ORDER

**AND NOW**, this          day of January, 2018, upon consideration of the Motion

to Dismiss filed by Defendant, Wilkes-Barre Hospital Company, LLC d/b/a Wilkes-Barre

General Hospital, it is hereby **ORDERED** and **DECREED** that said Motion is **GRANTED**.

      **IT IS FURTHER ORDERED** and **DECREED** that the following Claims and/or Causes of Action against Defendant, Wilkes-Barre Hospital Company, LLC d/b/a Wilkes-Barre General Hospital, are dismissed, *with prejudice*:

\_\_\_\_\_         Federal Law Claims (Counts I and II);

\_\_\_\_\_         Medical Battery Claim (Count IV);

\_\_\_\_\_         Allegations against Unidentified Hospital Agents;

\_\_\_\_\_         Punitive Damages; and/or

\_\_\_\_\_         Corporate Liability Claims.

                             **BY THE COURT:**

                        _____

                                          J.

**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRIAN WILLNER | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 3:17-cv-1924 |
| LUZERNE COUNTY, C.O. WUJACK, | : | |
| C.O. DELANEY, LIEUTENANT | : | |
| DOMAGAUER, CAPTAIN KEVIN J. | : | **JURY TRIAL DEMANDED** |
| GALLAGHER, WARDEN J. ALLEN | : | |
| NESBITT, UNKNOWN INDIVIDUAL(S) | : | |
| IN THE LUZERNE COUNTY | : | |
| CORRECTIONAL FACILITY, WILKES- | : | |
| BARRE HOSPITAL COMPANY, LLC | : | |
| d/b/a WILKES-BARRE GENERAL | : | |
| HOSPITAL,  JEANNINE SAUNDERS, | : | |
| DAVID GRASSO, UNKNOWN | : | |
| INDIVIDUAL(S) WORKING FOR, | : | |
| WITH, OR IN WILKES-BARRE | : | |
| HOSPITAL COMPANY, LLC d/b/a | : | |
| WILKES-BARRE GENERAL | : | |
| HOSPITAL, and APOLLOMD d/b/a | : | |
| APOLLOMD BUSINESS SERVICES, | : | |
| LLC d/b/a APOLLOMD GROUP | : | |
| SERVICES, LLC d/b/a APOLLOMD | : | |
| HOLDINGS, LLC d/b/a APOLLOMD | : | |
| PHYSICIAN PARTNERS, INC. d/b/a | : | |
| APOLLOMD PHYSICIAN SERVICES | : | |
| AL, LLC d/b/a APOLLOMD PHYSICIAN | : | |
| SERVICES GA, LLC d/b/a APOLLOMD | : | |
| PHYSICIAN SERVICES NC, LLC d/b/a | : | |
| APOLLOMD STATESBORO, LLC d/b/a | : | |
| APOLLOMD, INC. | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT, WILKES-BARRE HOSPITAL COMPANY, LLC D/B/A WILKES-**
**BARRE GENERAL HOSPITAL'S MOTION TO DISMISS**

AND NOW, Defendant, Wilkes-Barre Hospital Company, LLC d/b/a Wilkes-

Barre General Hospital (hereinafter "Moving Defendant") by and through its attorneys,

Burns White LLC, hereby files with this Honorable Court a Motion to Dismiss and avers as follows:

**Statement of Facts and Procedure History:**

1.      This is a civil rights action stemming from an alleged illegal search and seizure of contraband from the Plaintiff's person.

2.      Plaintiff was changing from his civilian clothes to his Luzerne County Correctional Facility issued clothing in the booking/intake area when the Corrections Officer noticed an object protruding from the Plaintiff's rectum.

3.      Plaintiff refused to remove the object and became disruptive.

4.      Plaintiff's refusal to remove the object from his rectum during this intake into Luzerne County Correctional Facility caused the Corrections Officers to transport Plaintiff to Moving Defendant's facility.

5.      According to Plaintiff and EMS personnel, Plaintiff knew he was going to be arrested when his parole officer came to visit, so he inserted a condom with three bags of heroin, tobacco, and what was later confirmed by x-ray to be a capped needle, into his rectum.

6.      While at Moving Defendant's facility, two rounds of laxatives were used in an attempt to free the foreign object from Plaintiff.  An x-ray confirmed the presence of a foreign object in Plaintiff's rectum.

7.      Due to the failure of laxatives to free the object from Plaintiff, medical providers working at Moving Defendant's facility emergently removed the object from the rectum.

8.     Plaintiff filed his Civil Rights Complaint in the Middle District of Pennsylvania on October 20, 2017.

9.     Plaintiff's Complaint asserts claims under both federal and state law.

10.    Count I of Plaintiff's Complaint alleges a civil rights violation pursuant to 42 U.S.C. § 1983 by Moving Defendant for failure to obtain a warrant before performing the medical procedure to remove the contraband from Plaintiff's rectum.

11.    Count II of Plaintiff's Complaint alleges a deprivation of civil rights pursuant to 42 U.S.C. § 1983 for an Unconstitutional Conspiracy between Defendants. The goal of the alleged conspiracy was allegedly to conduct a surgical procedure to remove the suspected incriminating evidence from Plaintiff's anal cavity without a search warrant or exception.

12.    Counts III alleges State Claims for violation of the Plaintiff's rights under the Pennsylvania Constitution for an alleged unreasonable search and seizure and entering into an alleged unconstitutional conspiracy.

13.    Count IV of Plaintiff's Complaint alleges medical battery based on lack of consent and lack of informed consent to surgically remove the contraband from Plaintiff's rectum at Moving Defendant's facility.

14.    Count V of Plaintiff's Complaint demands a trial by jury in addition to actual damages, punitive damages, attorney's fees, costs, interest, and further relief that the Court deems just and proper.[1]

**Motion to Dismiss:**

15.    If a plaintiff fails to prosecute or to comply with the Federal Rules of Civil Procedure, a defendant may move to dismiss the action or any claim against it.   Any

---

[1] Plaintiff has since conceded that attorney's fees are not a remedy available under state law.

involuntary dismissal, except one based on lack of jurisdiction, improper venue, and failure to join a party, operates as an adjudication on the merits.  F.R.C.P. 41(b).

16.     Pursuant to F.R.C.P. 12, a party may assert the following defenses by motion: 1) lack of subject matter jurisdiction; 2) lack of personal jurisdiction; 3) improper venue; 4) insufficient process; 5) insufficient service of process; 6) failure to state a claim upon which relief can be granted; and 7) failure to join a party under Rule 19.

**Lack of Subject Matter Jurisdiction:**

17.     In the instant matter, Plaintiff asserts jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

18.     Plaintiff further claims this Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

19.     28 U.S.C. § 1367(a) provides that in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. The district courts, however, may decline to exercise supplemental jurisdiction over a claim under subsection (a) if: (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

20.     The district court has discretion in determining whether to decline exercise of supplemental jurisdiction over state claims under the factors set forth in 28 U.S.C. § 1367(c).  *Allen v. City of Los Angeles*, 92 F.3d 842 (Cal. 1996).

21.     In the instant matter, Plaintiff asserts claims under both federal and state law.

22.     The federal civil rights claims under 42 U.S.C. § 1983 allege that Defendants engaged in a violation of the Plaintiff's rights by performing an invasive medical procedure to obtain contraband from the Plaintiff's rectum and that Defendants did so without a warrant or valid exception.  *See Exhibit "A."*

23.     The federal civil rights claims under 42 U.S.C. § 1983 further allege that Defendants acted in an unconstitutional conspiracy to surgically remove the contraband from Plaintiff's person even though no valid exception to the warrant requirement existed.  *See Exhibit "A."*

24.     The state law claims allege a violation of the Plaintiff's rights under the Pennsylvania Constitution as well as medical battery for lack of consent and/or informed consent for the medical procedure to remove the contraband from Plaintiff's rectum.

25.     Plaintiff's Complaint stems from the search and seizure as performed at the Luzerne County Correctional Facility on October 22, 2015.

26.     The search and seizure as performed by the Corrections Officers at Luzerne County Correctional Facility is the subject of a suppression hearing that is scheduled for January 31, 2018 in the Luzerne County Court of Common Pleas.

27.     Moving Defendant therefore asserts this Motion to Dismiss for lack of subject matter jurisdiction in order to preserve this defense pending the Court's ruling in the January 31, 2018 suppression hearing.

28.     It is Moving Defendant's position that the search and seizure as performed by the Corrections Officers of Luzerne County will be found Constitutional at the State level during the January 31, 2018 hearing.

29.     Since the Pennsylvania Constitution affords its citizens greater protections than the U.S. and since the search and seizure will be found to have been Constitutional at the State level, there can be no civil rights violations or conspiracy under 42 U.S.C. § 1983.

30.     Moving Defendant respectfully requests that since there are no Federal Civil Rights violations under 42 U.S.C. § 1983, that this Honorable Court decline to exercise supplemental jurisdiction and dismiss the First Amended Complaint against Moving Defendant, *with prejudice*.

**Civil Rights Action against Hospital:**

31.     There are three tests for state action "[1] traditional exclusive governmental function test, [2] the symbiotic relationship test, and [3] the close nexus test". *Klavan v. Crozer-Chester Med. Ctr.*, 60 F.Supp.2d 436, 441 (E.D. Pa. 1999) (finding Defendants to not be state actors under the symbolic relationship test and the close nexus test).

32.     "The close nexus test differs from the symbiotic relationship test in that it focuses on the connection between the state and the *specific conduct* that allegedly violated the plaintiff's civil rights, whereas the symbiotic relationship test focuses on the

entire relationship between the state and the defendants." *Id.* at 442 (internal quotation marks omitted) (emphasis in original).

33.     The close nexus test inquires as to "whether there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." *Id.*

34.     Furthermore, "[a]ction private entities take with the mere approval or acquiescence of the state is not state action under this test . . . what is required is that the state *coerce* or *encourage* a private party to act in a manner that violates the plaintiff's constitutional rights." *Id.* (emphasis in original).

35.     Plaintiff's Amended Complaint alleges that unknown individuals from Moving Defendant's facility were acting under color of state law. *See Exhibit "A."*

36.     Plaintiff's Amended Complaint further alleges that the unknown Hospital individuals were compelled by individuals acting under color of state law. *See Exhibit "A."*

37.     More importantly, Plaintiff alleges that Moving Defendant and unknown hospital individuals were acting under color of state law because their actions in sedating Plaintiff and conducting the unconstitutional search and seizure of the object in Plaintiff's anal cavity has a "sufficiently close nexus" to the state actors' wishes and conduct that Moving Defendant and the unknown general hospital individuals should be fairly treated as action by the state. *See Exhibit "A" at ¶ 41.*

38.     Plaintiff also alleges Moving Defendant was a willful participant in a "joint action with state actors . . . and performed the unconstitutional search and seizure at the behest of state actors." *See Exhibit "A" at ¶ 42.*

39.     Moving Defendants also allegedly acted in concert when deciding to conduct the search and seizure and somehow profited from acting in concert with state actors and depriving Plaintiff of his rights. *See Exhibit "A" at ¶¶ 43-44.*

40.     In this matter, Plaintiff is alleging there is a "close nexus" between Luzerne County Correctional Facility and Moving Defendant.

41.     Plaintiff alleges that somehow Moving Defendant was "coerced" and "encouraged" by Luzerne County Correctional facility personnel and that Moving Defendant is therefore acting under the color of state law.

42.     Moving Defendant is a private entity that is not owned or funded by the State or Federal Government.

43.     Moving Defendant and the medical providers working therein had no involvement in this matter until Plaintiff was brought to its facility in need of emergent medical care.

44.     Moving Defendant and the medical providers working therein responded to reports of a patient (Plaintiff) who self-reported to EMS and during his triage assessment that he inserted three bags of heroin encased in a condom into his rectum that reportedly broke during intake at Luzerne County Correctional Facility.

45.     Moving Defendant and the medical providers working therein were not responding to "coercion" or "encouragement" of the state actors from Luzerne County Correctional Facility but instead were acting in their capacity as medical providers to administer emergent treatment to Plaintiff to prevent him from overdosing on the heroin he inserted into his anal cavity.

46.     Moreover, Moving Defendant and the medical providers working therein were not compelled by state actors to perform their duty as health care providers, nor were they acting jointly with state actors in an action that somehow caused Moving Defendant to "profit" from its actions.

47.     As a result, there is no close nexus between Moving Defendant and the state actors of Luzerne County Correctional Facility because Moving Defendant and the medical providers therein were providing emergent medical care to save Plaintiff's life.

48.     Moving Defendant respectfully requests that since the close nexus test fails in this matter, Moving Defendant was not acting under the color of state law and Counts I and II against Moving Defendant be dismissed, *with prejudice.*

**Battery and Informed Consent:**

49.     "*Except in emergencies*, a physician owes a duty to a patient to obtain the informed consent of the patient or the patient's authorized representative prior to . . . performing surgery."  *See* 40 P.S. §1303.504 (emphasis added).

50.     "Where a patient is mentally and physically able to consult about his condition, *in the absence of an emergency*, the consent of the patient is a prerequisite to a surgical operation by his physician.  *McSorley v. Deger*, 905 A.25 524, 528 (Pa. Super. Ct. 2006) *citing Smith v. Yohe*, 194 A.2d 167 (Pa. 1963).

51.     In this matter, Plaintiff was observed having an object protruding from his anal cavity during a strip search while being processed at Luzerne County Correctional Facility.  *See Exhibit "A"*.

52.     Despite numerous commands from the Correctional Facility Staff, Plaintiff refused to remove the object form his anal cavity.  *See Exhibit "A"*.

53.     Plaintiff was therefore transported to Moving Defendant's facility for x-rays and medical treatment.  *See Exhibit "A"*.

54.     A triage assessment of Plaintiff showed that Plaintiff knew his Parole Officer was coming to arrest him so he placed three bags of heroin along with tobacco into a condom which he then inserted into his rectum.

55.     After attempts were made to remove the object from Plaintiff's rectum via laxatives and after an x-ray revealed a foreign body visible in Plaintiff's pelvis, the object was surgically removed by physicians at Moving Defendant's facility.

56.     Based on the facts presented to Corrections Officers as well as Plaintiff's statements that he inserted three bags of heroin into his rectum, this situation more than constituted a medical emergency that negated the requirement of informed consent under 40 P.S. 1303.504.  *See Kimberlee Rae Carbone v. City of New Castle, et al.*, No. 15-1175, slip op. at 12 (W.D. Pa. Nov. 20, 2017) (finding it not unreasonable to conduct a body cavity search for a medical emergency where plaintiff had ingested heroin as well as concealed drugs in her body cavity).

57.     Moving Defendant respectfully requests that since there was suspicion of Plaintiff concealing drugs in his person based on his own statements to medical providers as well as those observations of corrections officers, and in order to prevent further injury to Plaintiff, this was a medical emergency that negated the requirement of informed consent.

58.     Therefore Plaintiff's First Amended Complaint against Moving Defendant premised on Medical Battery should be dismissed, *with prejudice*.

59.     Should this Honorable Court find that consent was required, a medical facility cannot be held vicariously liable for a physician's failure to obtain informed consent where there is no evidence of an employment relationship, and the physician-patient relationship lies outside of the hospital's control.   *Valles v. Albert Einstein Medical Center*, 805 A.2d 1232 (Pa. 2002).

60.     A medical facility lacks control over the manner in which the physician performs his duty to obtain informed consent.  *Id.*

61.     In the instant matter, Plaintiff has failed to sufficiently plead the existence of any employment relationship between Wilkes-Barre General Hospital and the Emergency Department physicians.

62.     To the contrary, and upon information and belief, Drs. Saunders and Grasso were employed by ApolloMD to provide emergency services at Wilkes-Barre General Hospital.

63.     Moving Defendant therefore lacked control over the manner in which the Emergency Department physicians performed any duty to obtain informed consent from Mr. Willner.

64.     Accordingly, any and all claims against Wilkes-Barre General Hospital based on the Emergency Department physicians' alleged failure to obtain informed consent should be dismissed, *with prejudice.*

**Unidentified Hospital Agents:**

65.     Pursuant to Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plan statement of the claim showing that the pleader is entitled to relief." F.R.C.P. 8(a)(2).

66.     The United State Supreme Court, interpreting Rule 8(a)(2), has held that in order for a Complaint to state a plausible claim for relief, the Complaint must contain underlying predicate facts sufficient to support a claim against the defendant.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-680 (U.S. 2009).

67.     Under Pennsylvania law, the purpose of the pleadings is to place the defendants on notice of the claims upon which they will have to defend. *McClellan v. HMO*, 604 A.2d 1053, 1059 (Pa. Super. 1992).

68.     A complaint must give the defendants fair notice of the plaintiff's claim and a summary of the material facts that support those claims. *Id.*

69.     Although it is unnecessary to plead all the various details of an alleged agency relationship, a complainant must allege, as a minimum, facts which: (1) identify the agent by name or appropriate description; and (2) set forth the agent's authority, and how the tortious acts of the agent either fall within the scope of that authority, or if unauthorized, were ratified by the principal. *Rachlin v. Edmison*, 813 A.2d 862, 870 (Pa. Super. 2002).

70.     Plaintiffs' First Amended Complaint contains several references to unidentified agents for whom Moving Defendant is allegedly responsible, all of which are improper as pleaded.  *See Exhibit "A."*

71.     Plaintiff generally alleges that Defendant, Wilkes-Barre General Hospital, is vicariously liable for "Unknown General Hospital Individuals" that were acting directly, indirectly, compelled, in the course and scope of their agency, authority, and/or employment with Moving Defendant.  *See Exhibit "A."*

72.     Other than Drs. Saunders and Grasso, Plaintiffs do not identify, by name or description, which hospital agents were allegedly negligent, and charges Moving Defendant with the alleged acts and omissions as if performing such acts itself.

73.     In *Yacoub v. Lehigh Valley Med. Ass'n, P.C.*, 805 A.2d 579 (Pa. Super. 2002)*,* the plaintiff failed to name the radiologists in the complaint and defendants objected on the eve of trial.  The court noted that had there been any confusion as to who the alleged ostensible agents were, the hospital "could have filed preliminary objections in the nature of a request for a more specific pleading or moved to strike that portion" of the complaint.  *Id.*

74.     Plaintiff fails to apprise Defendant of how each agent was negligent, and further, how any alleged negligent act was ratified by Moving Defendant.

75.     Permitting this all-inclusive language to remain in the First Amended Complaint will unfairly prejudice Moving Defendant in formulating its defense.

76.     It is crucial that Moving Defendant, as the potential employer or principal of various individuals, be apprised of specific allegations of agency as required by Pennsylvania law.

77.     These allegations are impermissibly vague, violative of *Rachlin*, and preclude Moving Defendant from properly evaluating and formulating a defense as to the conduct of unidentified agents and scope of the alleged conduct.

78.     Moving Defendant respectfully requests that any and all allegations against "Unknown General Hospital Individuals" that were acting directly, indirectly, compelled, in the course and scope of their agency, authority, and/or employment" with Moving Defendant be stricken from the First Amended Complaint, *with prejudice*.

**Punitive Damages:**

79.     MCARE provides that "punitive damages may be awarded for conduct that is the result of the healthcare provider's willful or wanton conduct or reckless indifference to the rights of others…." 40 P.S. § 1303.505(a).

80.     However, punitive damages shall not be awarded against a healthcare provider who is only vicariously liable for the action of its agent that caused the injury unless it can be shown by a preponderance of the evidence that the party knew of and allowed the conduct of its agent that resulted in an award of punitive damages. 40 P.S. § 1303.505(c).

81.     Further, it is well settled that Pennsylvania law does not allow an award of punitive damages for mere inadvertence, mistake, error of judgment and the like, which constitute ordinary negligence. *Field v. Philadelphia Electric Co.*, 565 A.2d 1170 (Pa. Super. 1989).

82.     Even a showing of gross negligence is insufficient to support an award of punitive damages. 40 P.S. 1303.504(b); *see also Zazzera v. Roche*, 54 D&C 4th 225 (Pa. Comm. Pl. 2001).

83.     Absent factual allegations that support a claim of outrageous conduct or conduct with evil motive or reckless indifference to the rights of others, Plaintiff cannot as a matter of law sustain an action or allegation of punitive damages. *Chambers v. Montgomery*, 192 A.2d 355 (Pa. 1963); *Feld v. Merriam*, 485 A.2d 742 (Pa. 1984).

84.     In the instant matter, Plaintiff seeks punitive damages based on a purported lack of consent and lack of informed consent for the medical procedure that

removed three bags of heroin, tobacco, and a needle from his rectum by unknown individuals at Moving Defendant's facility.  *See Exhibit "A".*

85.     Plaintiff further asserts his claim is cognizable even though the medical procedure was performed properly and the overall result was beneficial to the patient. *See Exhibit "A".*

86.     Moving Defendant cannot be held vicariously liable for the acts of its agents, absent evidence that Moving Defendant knew of the alleged punitive conduct of its agents.

87.     Plaintiff has not alleged facts suggesting that Moving Defendant knew or had reason to know of the conduct of the medical personnel who provided care to Mr. Willner on October 22, 2015.

88.     Plaintiff has failed to allege facts that support any claim of outrageous conduct, or conduct amounting to evil motive or a reckless indifference to Mr. Willner's rights.

89.     Moving Defendant respectfully requests that because Plaintiff has failed to state a claim upon which relief can be granted, Plaintiff's claim for punitive damages should be dismissed, *with prejudice.*

**Corporate Liability:**

90.     Although there is no separate count for Corporate Liability in the First Amended Complaint, various allegations sound in corporate negligence.

91.     Specifically, Plaintiff alleges that Wilkes-Barre General Hospital is directly liable based on the following:

>          *          failing to employ and retain only competent physicians since it
>                     employed and retained Dr. Saunders, Dr. Grasso, and/or ApolloMD

who failed to obtain Plaintiff's consent before subjecting him to
sedation and a surgical procedure;

\*     failing to oversee all persons who practice medicine within its
walls;

\*     failing to oversee Dr. Saunders and Dr. Grasso to ensure she/he
obtained Plaintiff's informed consent prior to his sedation and
surgical procedure;

\*     failing to formulate, adopt and enforce adequate rules and policies
to enforce quality care for patients; and/or

\*     failing to formulate, adopt, and enforce adequate rules and policies
with regard to obtaining informed consent from patients.

*Exhibit "A" at* ¶¶ 186-189.

92.     The Pennsylvania Supreme Court expanded the potential liability of
hospitals by adopting the theory of corporate liability, which is based on the systematic or
institutional negligence of the hospital itself rather than the conduct of the individual
physicians or employees. *See Thompson v. Nason Hospital,* 591 A.2d 703 (Pa. 1991); *See
also Oven v. Pascucci,* 2000 WL 1876811 (Pa. Com. Pl., June 9, 2000).

93.     The *Thompson* Court held that a hospital owes certain direct and non-
delegable duties to patients, including: (1) a duty to use reasonable care in the
maintenance of safe and adequate facilities and equipment; (2) a duty to select and retain
only competent physicians; (3) a duty to oversee all persons who practice medicine
within its walls as to patient care; and (4) a duty to formulate, adopt and enforce adequate
rules and policies to ensure quality care to patients. *Thompson, supra.*

94.     In order to establish corporate negligence, a plaintiff must show more than
merely an act of negligence by an individual for whom the hospital is responsible.

*Edwards v. Brandywine Hospital,* 652 A.2d 1382 (Pa. Super. 1995) *citing Thompson, supra.*

95.     Notably, Plaintiff must show that the hospital had actual or constructive knowledge of the defect or procedure which caused the harm, and that the hospital's negligence was a substantial factor in bringing about the harm. *Thompson, supra.*

96.     Plaintiff's First Amended Complaint contains vague and overly broad allegations which simply regurgitate some of the elements set forth in *Thompson*, and fails to provide any factual basis to support the averments.

97.     Additionally, Plaintiff has not demonstrated more than merely an act of alleged negligence by an individual for whom Moving Defendant may have been responsible. *See Edwards, supra.*

98.     Likewise, Plaintiff has not alleged that Moving Defendant had knowledge of any defect which caused harm, or that Moving Defendant's negligence was a substantial factor in bringing about harm to Mr. Willner.

99.     Accordingly, Moving Defendant respectfully requests that this Honorable Court dismiss any and all corporate liability claims against Wilkes-Barre General Hospital for failure to state a claim upon which relief can be granted.

**WHEREFORE,** Moving Defendant respectfully requests that this Honorable Court enter the attached proposed Order, dismissing Plaintiff's First Amended Complaint against Moving Defendant in its entirety, *with prejudice*.   In the alternative, Moving Defendant respectfully requests that Plaintiff's Claims and/or Causes of Action against Moving Defendant be dismissed, *with prejudice*.

**BURNS WHITE LLC**

By:     */s/ Stuart T. O'Neal*
      Stuart T. O'Neal, Esquire
      Courtney C. Barbacane, Esquire
      100 Four Falls, Suite 515
      1001 Conshohocken State Road
      W. Conshohocken, PA  19428
      Phone: (484) 567-5700
      Fax: (484) 567-5701
      soneal@burnswhite.com
      ccbarbacane@burnswhite.com
      Attorneys for Defendant,
      Wilkes-Barre Hospital Company,
      LLC d/b/a Wilkes-Barre General
      Hospital

**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRIAN WILLNER | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 3:17-cv-1924 |
| LUZERNE COUNTY, C.O. WUJACK, | : | |
| C.O. DELANEY, LIEUTENANT | : | |
| DOMAGAUER, CAPTAIN KEVIN J. | : | **JURY TRIAL DEMANDED** |
| GALLAGHER, WARDEN J. ALLEN | : | |
| NESBITT, UNKNOWN INDIVIDUAL(S) | : | |
| IN THE LUZERNE COUNTY | : | |
| CORRECTIONAL FACILITY, WILKES- | : | |
| BARRE HOSPITAL COMPANY, LLC | : | |
| d/b/a WILKES-BARRE GENERAL | : | |
| HOSPITAL,  JEANNINE SAUNDERS, | : | |
| DAVID GRASSO, UNKNOWN | : | |
| INDIVIDUAL(S) WORKING FOR, | : | |
| WITH, OR IN WILKES-BARRE | : | |
| HOSPITAL COMPANY, LLC d/b/a | : | |
| WILKES-BARRE GENERAL | : | |
| HOSPITAL, and APOLLOMD d/b/a | : | |
| APOLLOMD BUSINESS SERVICES, | : | |
| LLC d/b/a APOLLOMD GROUP | : | |
| SERVICES, LLC d/b/a APOLLOMD | : | |
| HOLDINGS, LLC d/b/a APOLLOMD | : | |
| PHYSICIAN PARTNERS, INC. d/b/a | : | |
| APOLLOMD PHYSICIAN SERVICES | : | |
| AL, LLC d/b/a APOLLOMD PHYSICIAN | : | |
| SERVICES GA, LLC d/b/a APOLLOMD | : | |
| PHYSICIAN SERVICES NC, LLC d/b/a | : | |
| APOLLOMD STATESBORO, LLC d/b/a | : | |
| APOLLOMD, INC. | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT, WILKES-BARRE HOSPITAL COMPANY, LLC D/B/A WILKES-**
**BARRE GENERAL HOSPITAL'S BRIEF IN SUPPORT**
**OF ITS MOTION TO DISMISS**

AND NOW, Defendant, Wilkes-Barre Hospital Company, LLC d/b/a Wilkes-

Barre General Hospital (hereinafter "Moving Defendant") by and through its attorneys,

Burns White LLC, hereby files with this Honorable Court a Motion to Dismiss and avers as follows:

## I.       STATEMENT OF FACTS AND PROCEDURAL HISTORY:

This is a civil rights action stemming from an alleged illegal search and seizure of contraband from the Plaintiff's person. Plaintiff was changing from his civilian clothes to his Luzerne County Correctional Facility issued clothing in the booking/intake area when the Corrections Officer noticed an object protruding from the Plaintiff's rectum. Plaintiff refused to remove the object and became disruptive. Plaintiff's refusal to remove the object from his rectum during this intake into Luzerne County Correctional Facility caused the Corrections Officers to transport Plaintiff to Moving Defendant's facility.

According to Plaintiff and EMS personnel, Plaintiff knew he was going to be arrested when his parole officer came to visit, so he inserted a condom with three bags of heroin, tobacco, and what was later confirmed by x-ray to be a capped needle, into his rectum. While at Moving Defendant's facility, two rounds of laxatives were used in an attempt to free the foreign object from Plaintiff. An x-ray confirmed the presence of a foreign object in Plaintiff's rectum. Due to the failure of laxatives to free the object from Plaintiff, medical providers working at Moving Defendant's facility emergently removed the object from the rectum.

Plaintiff filed his Civil Rights Complaint in the Middle District of Pennsylvania on October 20, 2017. Plaintiff's Complaint asserts claims under both federal and state law.

Count I of Plaintiff's Complaint alleges a civil rights violation pursuant to 42 U.S.C. § 1983 by Moving Defendant for failure to obtain a warrant before performing the

medical procedure to remove the contraband from Plaintiff's rectum. Count II of Plaintiff's Complaint alleges a deprivation of civil rights pursuant to 42 U.S.C. § 1983 for an Unconstitutional Conspiracy between Defendants. The goal of the alleged conspiracy was allegedly to conduct a surgical procedure to remove the suspected incriminating evidence from Plaintiff's anal cavity without a search warrant or exception.

Counts III alleges State Claims for violation of the Plaintiff's rights under the Pennsylvania Constitution for an alleged unreasonable search and seizure and entering into an alleged unconstitutional conspiracy. Count IV of Plaintiff's Complaint alleges medical battery based on lack of consent and lack of informed consent to surgically remove the contraband from Plaintiff's rectum at Moving Defendant's facility. Count V of Plaintiff's Complaint demands a trial by jury in addition to actual damages, punitive damages, attorney's fees, costs, interest, and further relief that the Court deems just and proper.[2]

## II.   STATEMENT OF QUESTION PRESENTED:

Whether Plaintiff's First Amended Complaint and/or Causes of Action against Moving Defendant should be dismissed, *with prejudice*, based on legal and factual insufficiency.

Suggested Answer: Yes.

## III.   MOTION TO DISMISS:

If a plaintiff fails to prosecute or to comply with the Federal Rules of Civil Procedure, a defendant may move to dismiss the action or any claim against it. Any involuntary dismissal, except one based on lack of jurisdiction, improper venue, and failure to join a party, operates as an adjudication on the merits. F.R.C.P. 41(b).

---

[2] Plaintiff has since conceded that attorney's fees are not a remedy available under state law.

Pursuant to F.R.C.P. 12, a party may assert the following defenses by motion: 1) lack of subject matter jurisdiction; 2) lack of personal jurisdiction; 3) improper venue; 4) insufficient process; 5) insufficient service of process; 6) failure to state a claim upon which relief can be granted; and 7) failure to join a party under Rule 19.

## IV.  DISMISSAL OF PLAINTIFF'S FIRST AMENDED COMPLAINT DUE TO LACK OF SUBJECT MATTER JURISDICTION:

In the instant matter, Plaintiff asserts jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). Plaintiff further claims this Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

28 U.S.C. § 1367(a) provides that in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. The district courts, however, may decline to exercise supplemental jurisdiction over a claim under subsection (a) if: (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).  The district court has discretion in determining whether to decline exercise of supplemental jurisdiction over state claims under the factors set forth in 28 U.S.C. § 1367(c).  *Allen v. City of Los Angeles*, 92 F.3d 842 (Cal. 1996).

In the instant matter, Plaintiff asserts claims under both federal and state law. The federal civil rights claims under 42 U.S.C. § 1983 allege that Defendants engaged in a violation of the Plaintiff's rights by performing an invasive medical procedure to obtain contraband from the Plaintiff's rectum and that Defendants did so without a warrant or valid exception. *See Exhibit "A."* The federal civil rights claims under 42 U.S.C. § 1983 further allege that Defendants acted in an unconstitutional conspiracy to surgically remove the contraband from Plaintiff's person even though no valid exception to the warrant requirement existed. *See Exhibit "A."* The state law claims allege a violation of the Plaintiff's rights under the Pennsylvania Constitution as well as medical battery for lack of consent and/or informed consent for the medical procedure to remove the contraband from Plaintiff's rectum. *See Exhibit "A."*

Plaintiff's Complaint stems from the search and seizure as performed at the Luzerne County Correctional Facility on October 22, 2015. The search and seizure as performed by the Corrections Officers at Luzerne County Correctional Facility is the subject of a suppression hearing that is scheduled for January 31, 2018 in the Luzerne County Court of Common Pleas.

Moving Defendant therefore asserts this Motion to Dismiss for lack of subject matter jurisdiction in order to preserve this defense pending the Court's ruling in the January 31, 2018 suppression hearing. It is Moving Defendant's position that the search and seizure as performed by the Corrections Officers of Luzerne County will be found Constitutional at the State level during the January 31, 2018 hearing.

Since the Pennsylvania Constitution affords its citizens greater protections than the U.S. and since the search and seizure will be found to have been Constitutional at the

State level, there can be no civil rights violations or conspiracy under 42 U.S.C. § 1983.

Moving Defendant respectfully requests that since there are no Federal Civil Rights

violations under 42 U.S.C. § 1983, that this Honorable Court decline to exercise

supplemental jurisdiction and dismiss the First Amended Complaint against Moving

Defendant, *with prejudice*.

## V.   DISMISSAL OF PLAINTIFF'S CLAIMS AND/OR CAUSES OF ACTION:

### A.   Civil Rights Action against Hospital:

There are three tests for state action "[1] traditional exclusive governmental

function test, [2] the symbiotic relationship test, and [3] the close nexus test". *Klavan v.

Crozer-Chester Med. Ctr.*, 60 F.Supp.2d 436, 441 (E.D. Pa. 1999) (finding Defendants to

not be state actors under the symbolic relationship test and the close nexus test). "The

close nexus test differs from the symbiotic relationship test in that it focuses on the

connection between the state and the *specific conduct* that allegedly violated the

plaintiff's civil rights, whereas the symbiotic relationship test focuses on the entire

relationship between the state and the defendants." *Id.* at 442 (internal quotation marks

omitted) (emphasis in original). The close nexus test inquires as to "whether there is a

sufficiently close nexus between the State and the challenged action of the regulated

entity so that the action of the latter may be fairly treated as that of the State itself." *Id.*

Furthermore, "[a]ction private entities take with the mere approval or acquiescence of the

state is not state action under this test . . . what is required is that the

state *coerce* or *encourage* a private party to act in a manner that violates the plaintiff's

constitutional rights." *Id.* (emphasis in original).

Plaintiff's Amended Complaint alleges that unknown individuals from Moving Defendant's facility were acting under color of state law. *See Exhibit "A."* Plaintiff's Amended Complaint further alleges that the unknown Hospital individuals were compelled by individuals acting under color of state law. *See Exhibit "A."* More importantly, Plaintiff alleges that Moving Defendant and unknown hospital individuals were acting under color of state law because their actions in sedating Plaintiff and conducting the unconstitutional search and seizure of the object in Plaintiff's anal cavity has a "sufficiently close nexus" to the state actors' wishes and conduct that Moving Defendant and the unknown general hospital individuals should be fairly treated as action by the state. *See Exhibit "A" at ¶ 41.*

Plaintiff also alleges Moving Defendant was a willful participant in a "joint action with state actors . . . and performed the unconstitutional search and seizure at the behest of state actors." *See Exhibit "A" at ¶ 42.* Moving Defendants also allegedly acted in concert when deciding to conduct the search and seizure and somehow profited from acting in concert with state actors and depriving Plaintiff of his rights. *See Exhibit "A" at ¶¶ 43-44.*

In this matter, Plaintiff is alleging there is a "close nexus" between Luzerne County Correctional Facility and Moving Defendant. Plaintiff alleges that somehow Moving Defendant was "coerced" and "encouraged" by Luzerne County Correctional facility personnel and that Moving Defendant is therefore acting under the color of state law.

Moving Defendant is a private entity that is not owned or funded by the State or Federal Government. Moving Defendant and the medical providers working therein had

no involvement in this matter until Plaintiff was brought to its facility in need of emergent medical care.  Moving Defendant and the medical providers working therein responded to reports of a patient (Plaintiff) who self-reported to EMS and during his triage assessment that he inserted three bags of heroin encased in a condom into his rectum that reportedly broke during intake at Luzerne County Correctional Facility.

Moving Defendant and the medical providers working therein were not responding to "coercion" or "encouragement" of the state actors from Luzerne County Correctional Facility but instead were acting in their capacity as medical providers to administer emergent treatment to Plaintiff to prevent him from overdosing on the heroin he inserted into his anal cavity.   Moreover, Moving Defendant and the medical providers working therein were not compelled by state actors to perform their duty as health care providers, nor were they acting jointly with state actors in an action that somehow caused Moving Defendant to "profit" from its actions.

As a result, there is no close nexus between Moving Defendant and the state actors of Luzerne County Correctional Facility because Moving Defendant and the medical providers therein were providing emergent medical care to save Plaintiff's life. Moving Defendant respectfully requests that since the close nexus test fails in this matter, Moving Defendant was not acting under the color of state law and Counts I and II against Moving Defendant be dismissed, *with prejudice.*

    B.    <u>Battery Claim</u>:

        *i.*    *Medical Emergencies*

"*Except in emergencies*, a physician owes a duty to a patient to obtain the informed consent of the patient or the patient's authorized representative prior to . . .

performing surgery." *See* 40 P.S. §1303.504 (emphasis added). "Where a patient is mentally and physically able to consult about his condition, *in the absence of an emergency*, the consent of the patient is a prerequisite to a surgical operation by his physician. *McSorley v. Deger*, 905 A.25 524, 528 (Pa. Super. Ct. 2006) *citing Smith v. Yohe*, 194 A.2d 167 (Pa. 1963).

In this matter, Plaintiff was observed having an object protruding from his anal cavity during a strip search while being processed at Luzerne County Correctional Facility. *See Exhibit "A"*. Despite numerous commands from the Correctional Facility Staff, Plaintiff refused to remove the object form his anal cavity. *See Exhibit "A"*. Plaintiff was therefore transported to Moving Defendant's facility for x-rays and medical treatment. *See Exhibit "A"*.

A triage assessment of Plaintiff showed that Plaintiff knew his Parole Officer was coming to arrest him so he placed three bags of heroin along with tobacco into a condom which he then inserted into his rectum. After attempts were made to remove the object from Plaintiff's rectum via laxatives and after an x-ray revealed a foreign body visible in Plaintiff's pelvis, the object was surgically removed by physicians at Moving Defendant's facility.

Based on the facts presented to Corrections Officers as well as Plaintiff's statements that he inserted three bags of heroin into his rectum, this situation more than constituted a medical emergency that negated the requirement of informed consent under 40 P.S. 1303.504. *See Kimberlee Rae Carbone v. City of New Castle, et al.*, No. 15-1175, slip op. at 12 (W.D. Pa. Nov. 20, 2017) (finding it not unreasonable to conduct a body cavity search for a medical emergency where plaintiff had ingested heroin as well as

concealed drugs in her body cavity).  Moving Defendant respectfully requests that since there was suspicion of Plaintiff concealing drugs in his person based on his own statements to medical providers as well as those observations of corrections officers, and in order to prevent further injury to Plaintiff, this was a medical emergency that negated the requirement of informed consent.  Therefore Plaintiff's First Amended Complaint against Moving Defendant premised on Medical Battery should be dismissed, *with prejudice*.

<em>ii.     Duty of Physician to Obtain Patient Consent</em>

Should this Honorable Court find that consent was required, a medical facility cannot be held vicariously liable for a physician's failure to obtain informed consent where there is no evidence of an employment relationship, and the physician-patient relationship lies outside of the hospital's control.  *Valles v. Albert Einstein Medical Center*, 805 A.2d 1232 (Pa. 2002).  A medical facility lacks control over the manner in which the physician performs his duty to obtain informed consent.  *Id.*

In the instant matter, Plaintiff has failed to sufficiently plead the existence of any employment relationship between Wilkes-Barre General Hospital and the Emergency Department physicians.  To the contrary, and upon information and belief, Drs. Saunders and Grasso were employed by ApolloMD to provide emergency services at Wilkes-Barre General Hospital.  Moving Defendant therefore lacked control over the manner in which the Emergency Department physicians performed any duty to obtain informed consent from Mr. Willner. Accordingly, any and all claims against Wilkes-Barre General Hospital based on the Emergency Department physicians' alleged failure to obtain informed consent should be dismissed, *with prejudice.*

C.     <u>Unidentified Hospital Agents</u>:

Pursuant to Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plan statement of the claim showing that the pleader is entitled to relief." F.R.C.P. 8(a)(2).  The United State Supreme Court, interpreting Rule 8(a)(2), has held that in order for a Complaint to state a plausible claim for relief, the Complaint must contain underlying predicate facts sufficient to support a claim against the defendant.  <u>*See* *Ashcroft v. Iqbal*</u>, 556 U.S. 662, 678-680 (U.S. 2009).

Under Pennsylvania law, the purpose of the pleadings is to place the defendants on notice of the claims upon which they will have to defend. *McClellan v. HMO*, 604 A.2d 1053, 1059 (Pa. Super. 1992).  A complaint must give the defendants fair notice of the plaintiff's claim and a summary of the material facts that support those claims. *Id*. Although it is unnecessary to plead all the various details of an alleged agency relationship, a complainant must allege, as a minimum, facts which: (1) identify the agent by name or appropriate description; and (2) set forth the agent's authority, and how the tortious acts of the agent either fall within the scope of that authority, or if unauthorized, were ratified by the principal. *Rachlin v. Edmison*, 813 A.2d 862, 870 (Pa. Super. 2002).

Plaintiffs' First Amended Complaint contains several references to unidentified agents for whom Moving Defendant is allegedly responsible, all of which are improper as pleaded.  *See Exhibit "A."* Plaintiff generally alleges that Defendant, Wilkes-Barre General Hospital, is vicariously liable for "Unknown General Hospital Individuals" that were acting directly, indirectly, compelled, in the course and scope of their agency, authority, and/or employment with Moving Defendant.  *See Exhibit "A."*

Other than Drs. Saunders and Grasso, Plaintiffs do not identify, by name or description, which hospital agents were allegedly negligent, and charges Moving Defendant with the alleged acts and omissions as if performing such acts itself.   In *Yacoub v. Lehigh Valley Med. Ass'n, P.C.*, 805 A.2d 579 (Pa. Super. 2002)*,* the plaintiff failed to name the radiologists in the complaint and defendants objected on the eve of trial.   The court noted that had there been any confusion as to who the alleged ostensible agents were, the hospital "could have filed preliminary objections in the nature of a request for a more specific pleading or moved to strike that portion" of the complaint.   *Id.*

Plaintiff fails to apprise Defendant of how each agent was negligent, and further, how any alleged negligent act was ratified by Moving Defendant.   Permitting this all-inclusive language to remain in the First Amended Complaint will unfairly prejudice Moving Defendant in formulating its defense.   It is crucial that Moving Defendant, as the potential employer or principal of various individuals, be apprised of specific allegations of agency as required by Pennsylvania law.   These allegations are impermissibly vague, violative of *Rachlin*, and preclude Moving Defendant from properly evaluating and formulating a defense as to the conduct of unidentified agents and scope of the alleged conduct. Moving Defendant respectfully requests that any and all allegations against "Unknown General Hospital Individuals" that were acting directly, indirectly, compelled, in the course and scope of their agency, authority, and/or employment" with Moving Defendant be stricken from the First Amended Complaint, *with prejudice*.

D.    Punitive Damages:

MCARE provides that "punitive damages may be awarded for conduct that is the result of the healthcare provider's willful or wanton conduct or reckless indifference to

the rights of others…." 40 P.S. § 1303.505(a). However, punitive damages shall not be awarded against a healthcare provider who is only vicariously liable for the action of its agent that caused the injury unless it can be shown by a preponderance of the evidence that the party knew of and allowed the conduct of its agent that resulted in an award of punitive damages. 40 P.S. § 1303.505(c). Further, it is well settled that Pennsylvania law does not allow an award of punitive damages for mere inadvertence, mistake, error of judgment and the like, which constitute ordinary negligence. *Field v. Philadelphia Electric Co*., 565 A.2d 1170 (Pa. Super. 1989).

Even a showing of gross negligence is insufficient to support an award of punitive damages. 40 P.S. 1303.504(b); *see also Zazzera v. Roche*, 54 D&C 4th 225 (Pa. Comm. Pl. 2001). Absent factual allegations that support a claim of outrageous conduct or conduct with evil motive or reckless indifference to the rights of others, Plaintiff cannot as a matter of law sustain an action or allegation of punitive damages. *Chambers v. Montgomery*, 192 A.2d 355 (Pa. 1963); *Feld v. Merriam*, 485 A.2d 742 (Pa. 1984).

In the instant matter, Plaintiff seeks punitive damages based on a purported lack of consent and lack of informed consent for the medical procedure that removed three bags of heroin, tobacco, and a needle from his rectum by unknown individuals at Moving Defendant's facility. *See Exhibit "A"*. Plaintiff further asserts his claim is cognizable even though the medical procedure was performed properly and the overall result was beneficial to the patient. *See Exhibit "A"*.

Moving Defendant cannot be held vicariously liable for the acts of its agents, absent evidence that Moving Defendant knew of the alleged punitive conduct of its agents. Plaintiff has not alleged facts suggesting that Moving Defendant knew or had

reason to know of the conduct of the medical personnel who provided care to Mr. Willner on October 22, 2015. Plaintiff has failed to allege facts that support any claim of outrageous conduct, or conduct amounting to evil motive or a reckless indifference to Mr. Willner's rights. Moving Defendants respectfully request that because Plaintiff has failed to state a claim upon which relief can be granted, Plaintiff claim for punitive damages should be dismissed, *with prejudice*.

E.     Corporate Liability:

Although there is no separate count for Corporate Liability in the First Amended Complaint, various allegations sound in corporate negligence. Specifically, Plaintiff alleges that Wilkes-Barre General Hospital is directly liable based on the following:

* failing to employ and retain only competent physicians since it employed and retained Dr. Saunders, Dr. Grasso, and/or ApolloMD who failed to obtain Plaintiff's consent before subjecting him to sedation and a surgical procedure;

* failing to oversee all persons who practice medicine within its walls;

* failing to oversee Dr. Saunders and Dr. Grasso to ensure she/he obtained Plaintiff's informed consent prior to his sedation and surgical procedure;

* failing to formulate, adopt and enforce adequate rules and policies to enforce quality care for patients; and/or

* failing to formulate, adopt, and enforce adequate rules and policies with regard to obtaining informed consent from patients.

*Exhibit "A" at* ¶¶ 186-189.

The Pennsylvania Supreme Court expanded the potential liability of hospitals by adopting the theory of corporate liability, which is based on the systematic or institutional negligence of the hospital itself rather than the conduct of the individual physicians or

employees. *See Thompson v. Nason Hospital,* 591 A.2d 703 (Pa. 1991); *See also Oven v. Pascucci,* 2000 WL 1876811 (Pa. Com. Pl., June 9, 2000).   The *Thompson* Court held that a hospital owes certain direct and non-delegable duties to patients, including: (1) a duty to use reasonable care in the maintenance of safe and adequate facilities and equipment; (2) a duty to select and retain only competent physicians; (3) a duty to oversee all persons who practice medicine within its walls as to patient care; and (4) a duty to formulate, adopt and enforce adequate rules and policies to ensure quality care to patients.  *Thompson, supra.*

In order to establish corporate negligence, a plaintiff must show more than merely an act of negligence by an individual for whom the hospital is responsible.  *Edwards v. Brandywine Hospital,* 652 A.2d 1382 (Pa. Super. 1995) *citing Thompson, supra.* Notably, Plaintiff must show that the hospital had actual or constructive knowledge of the defect or procedure which caused the harm, and that the hospital's negligence was a substantial factor in bringing about the harm.  *Thompson, supra.*

Plaintiff's First Amended Complaint contains vague and overly broad allegations which simply regurgitate some of the elements set forth in *Thompson*, and fails to provide any factual basis to support the averments.   Additionally, Plaintiff has not demonstrated more than merely an act of alleged negligence by an individual for whom Moving Defendant may have been responsible. *See Edwards, supra.*   Likewise, Plaintiff has not alleged that Moving Defendant had knowledge of any defect which caused harm, or that Moving Defendant's negligence was a substantial factor in bringing about harm to Mr. Willner.  Accordingly, Moving Defendant respectfully requests that this Honorable Court

dismiss any and all corporate liability claims against Wilkes-Barre General Hospital for failure to state a claim upon which relief can be granted.

## VI.   RELIEF SOUGHT:

In light of the above, Moving Defendant respectfully requests that this Honorable Court enter the attached proposed Order, dismissing Plaintiff's First Amended Complaint against Moving Defendant in its entirety, *with prejudice*.   In the alternative, Moving Defendant respectfully requests that Plaintiff's Claims and/or Causes of Action against Moving Defendant be dismissed, *with prejudice*.

**BURNS WHITE LLC**

By:   */s/ Stuart T. O'Neal*
Stuart T. O'Neal, Esquire
Courtney C. Barbacane, Esquire
100 Four Falls, Suite 515
1001 Conshohocken State Road
W. Conshohocken, PA  19428
Phone: (484) 567-5700
Fax: (484) 567-5701
soneal@burnswhite.com
ccbarbacane@burnswhite.com
Attorneys for Defendant,
Wilkes-Barre Hospital Company,
LLC d/b/a Wilkes-Barre General
Hospital

**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRIAN WILLNER | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 3:17-cv-1924 |
| LUZERNE COUNTY, C.O. WUJACK, | : | |
| C.O. DELANEY, LIEUTENANT | : | |
| DOMAGAUER, CAPTAIN KEVIN J. | : | **JURY TRIAL DEMANDED** |
| GALLAGHER, WARDEN J. ALLEN | : | |
| NESBITT, UNKNOWN INDIVIDUAL(S) | : | |
| IN THE LUZERNE COUNTY | : | |
| CORRECTIONAL FACILITY, WILKES- | : | |
| BARRE HOSPITAL COMPANY, LLC | : | |
| d/b/a WILKES-BARRE GENERAL | : | |
| HOSPITAL, JEANNINE SAUNDERS, | : | |
| DAVID GRASSO, UNKNOWN | : | |
| INDIVIDUAL(S) WORKING FOR, | : | |
| WITH, OR IN WILKES-BARRE | : | |
| HOSPITAL COMPANY, LLC d/b/a | : | |
| WILKES-BARRE GENERAL | : | |
| HOSPITAL, and APOLLOMD d/b/a | : | |
| APOLLOMD BUSINESS SERVICES, | : | |
| LLC d/b/a APOLLOMD GROUP | : | |
| SERVICES, LLC d/b/a APOLLOMD | : | |
| HOLDINGS, LLC d/b/a APOLLOMD | : | |
| PHYSICIAN PARTNERS, INC. d/b/a | : | |
| APOLLOMD PHYSICIAN SERVICES | : | |
| AL, LLC d/b/a APOLLOMD PHYSICIAN | : | |
| SERVICES GA, LLC d/b/a APOLLOMD | : | |
| PHYSICIAN SERVICES NC, LLC d/b/a | : | |
| APOLLOMD STATESBORO, LLC d/b/a | : | |
| APOLLOMD, INC. | : | |
| | : | |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

I, Stuart T. O'Neal, Esquire, hereby certify that on this **23rd day of January 2018**,

I served a true and correct copy of our Motion to Dismiss upon the counsel listed below

via the ECF e-filing system:

Leonard Gryskewicz, Jr., Esquire
Lampman Law
2 Public Square
Wilkes-Barre, PA  18701
*Attorney for Plaintiff*

Sean P. McDonough, Esquire
Dougherty, Leventhal & Price, L.L.P.
75 Glenmaura National Blvd.
Moosic, PA 18507
*Attorney for Defendants,*
*Luzerne County, C.O. Wujack,*
*C.O. Delaney, Lt. Domagauer,*
*Captain Kevin Gallagher and*
*Former Warden J. Allen Nesbitt*

**BURNS WHITE LLC**

By:     */s/ Stuart T. O'Neal*
Stuart T. O'Neal, Esquire
Courtney C. Barbacane, Esquire
100 Four Falls, Suite 515
1001 Conshohocken State Road
W. Conshohocken, PA  19428
Phone: (484) 567-5700
Fax: (484) 567-5701
soneal@burnswhite.com
ccbarbacane@burnswhite.com
Attorneys for Defendant,
Wilkes-Barre Hospital Company,
LLC d/b/a Wilkes-Barre General
Hospital